SECOND ORIGINAL

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

**KAREN MASSEY,**

      **Plaintiff,**

**vs.**

**WAL-MART STORES EAST, LP,**

      **Defendant.**

**CIVIL ACTION NO.**
*2012V45941*

### COMPLAINT FOR DAMAGES

COMES NOW Karen Massey, plaintiff in the above-captioned case, and files this her Complaint for Damages against Wal-Mart Stores East, LP, defendant herein, respectfully showing the following:

### JURISDICTION AND VENUE

1.

Defendant Wal-Mart Stores East, LP is a foreign limited partnership which carries on a retail grocery and shopping business in and maintains an office in, among other places, Houston County, Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Wal-Mart Stores East, LP's registered agent for service of process in Georgia is Corporation Process Company, which may be served at 2180 Satellite Boulevard, Suite 400, Gwinnett County, Duluth, Georgia 30060.

FILED IN OFFICE, STATE COURT OF
HOUSTON COUNTY

**MAY 1 4 2012**

*Kendra H. Simons*, Clerk

3.

Venue of this action is properly laid in Houston County, Georgia by virtue of the facts outlined herein and the application of O.C.G.A. §14-2-510(b)(3).

## GENERAL ALLEGATIONS

4.

By virtue of the facts hereinafter alleged, defendant has injured and damaged plaintiff Karen Massey in an amount to be determined by the enlightened conscience of an impartial jury.

5.

Defendant owns and operates retail stores in the state of Georgia, and other states, and owns and operates at least one retail store in Warner Robins, Houston County, Georgia.

6.

On June 8, 2010, plaintiff Karen Massey was shopping at defendant's store located at 2720 Watson Boulevard, Warner Robins, Georgia  31093.

7.

As plaintiff walked from one aisle and around a corner and started down another aisle in the subject store, she suddenly and without warning slipped on water on the floor and fell.

8.

No signs, cones or other means of warning were in place to notify customers of a problem on defendant's floor where plaintiff fell.

9.

Defendant's employee was within clear sight of where plaintiff fell and reacted immediately to plaintiff's fall by coming to her aid.

10.

Defendant's store manager told plaintiff after her fall that the store was aware of the water on the floor in which plaintiff fell but that the store did not have time to do anything to remedy the problem before plaintiff fell.

11.

Upon information and belief, defendant has video recording devices throughout its stores and possesses a video or DVD recording that captured plaintiff's fall and its aftermath.

12.

Defendant's representative took photographs of the area where plaintiff fell, and upon information and belief, defendant still possesses these photographs.

13.

Upon information and belief, it is a violation of defendant's written policies and procedures not to immediately station an employee at the location of a spill to either clean it up or to keep someone from falling in the hazard until it can otherwise be cleaned up, and defendant violated its policies and procedures in this instance.

14.

As a result of this slip and fall, plaintiff suffered personal injuries to, among other areas, her knees, shoulder, lower back and what felt like her right thigh.

15.

As a result of these injuries, plaintiff Karen Massey suffered mental and physical pain; she still suffers with lower back pain and its consequences; and, as far as she now knows, she will always suffer at least somewhat from her lower back injury.

16.

As a further result of her fall and injuries, plaintiff Karen Massey has to date incurred reasonable and necessary medical expenses for the treatment of her injuries, and her medical expenses will be itemized in an appropriate amendment to this Complaint.

17.

As a further result of her fall and injuries, plaintiff Karen Massey needs surgery on her lower back to correct a herniated disc or discs, injuries caused by the fall at issue according to her doctor, who put his opinion in writing and which opinion has been previously shared with and ignored by defendant.

18.

Defendant has been previously advised that plaintiff Karen Massey has no financial means by which to pay for further lower back treatment, including surgery.

19.

A proximate cause of the injuries and damages sustained by plaintiff was the negligence of defendant in failing to discharge its responsibilities in regards to inspecting, maintaining and cleaning the floors of the Wal-Mart store located at 2720 Watson Boulevard in Warner Robins, Georgia, and its failure to maintain its floors in a safe, dry condition; and defendant was negligent in the following several particulars:

a)   in failing to properly inspect the floor of its retail store for the presence of spills or debris;

b)   in failing to keep the floor of its retail store clean, dry and free of spills or debris or the residue therefrom;

c)   in failing to properly and regularly inspect the floor of its retail store in the area of plaintiff's fall to insure adequate and complete cleanup of the substance and residue of a prior spill or the debris or the residue therefrom, all of which was known to the defendant but was unknown to plaintiff;

d)   in failing to warn customers such as plaintiff in its retail store in any way whatsoever of an unsafe condition on the floor of its premises;

e)   in failing to inspect, maintain, clean and dry its floor and in failing to warn customers such as plaintiff of a hazard on the floor, all while an employee of the store was within sight of the area at issue and could and should have taken immediate action to remedy the hazard;

f)   in failing to inspect, maintain, clean and dry its floor and in failing to warn customers such as plaintiff of a hazard on the floor after previously being advised of a spill on its floor; and,

g)   in failing to take any action whatsoever to announce over its intercom or other systems for an employee to take immediate action to remedy the spill at issue or to warn customers of the spill and its location.

20.

At all times pertinent hereto, defendant and its agents and employees had superior

knowledge of the unsafe condition of its premises, said condition at all times, prior to her fall, being unknown to plaintiff Karen Massey.

21.

At all times pertinent hereto, plaintiff Karen Massey was exercising ordinary care for her own safety.

WHEREFORE, plaintiff prays the issuance and service of summons in terms of law; that she have trial by jury; and that she have judgment against defendant in an amount to be determined by the enlightened conscience of an impartial jury, and such further relief as to which she may be entitled, together with costs of this action.

**O'NEAL & BROWN, P.C.**
**BY:**


Philip M. Brown
State Bar No.: 089120

1001 American Federal Building
544 Mulberry Street
Macon, Georgia  31201-2774
(478) 742-8981
phil@onealbrownlaw.com


**ATTORNEY FOR PLAINTIFF**



**TRIAL BY JURY OF TWELVE DEMANDED**